UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEVON L. BEAN,

    Petitioner,

 v.              Case No. 19-cv-738-pp

SHERIFF EARNELL R. LUCAS,

    Respondent.

---

**ORDER DISMISSING PETITION FOR WRIT OF *HABEAS CORPUS* UNDER 28 U.S.C. §2241 (DKT. NO. 1)**

---

On May 16, 2019, the petitioner, representing himself, filed this federal *habeas* petition under 28 U.S.C. §2241, challenging his detention at the Milwaukee County Jail. Dkt. No. 1. He checked the box on the petition indicating that he wished to challenge his "detainer/illegal pretrial detention" and wrote that Magistrate Judge William E. Duffin had imposed the detainer after a hearing on January 7, 2019. Id. at 2-3. He did not pay the $5.00 filing fee, and after the clerk's office sent him a letter requesting the filing fee, the petitioner sent an unsigned motion for leave to proceed without prepaying the filing fee. Dkt. No. 3. On receiving that motion, the clerk's office sent a notice to the petitioner informing him that he needed to file a *signed* motion as well as a certified, six-month trust account statement. Dkt. No. 5. The petitioner did not file these documents and the docket shows no activity in the case since May 31, 2019.

1

The petitioner has not paid the $5.00 filing fee for federal *habeas* petitions, or the necessary documents to allow this court to evaluate whether he could proceed without paying the fee. No other docket activity has occurred for approximately five months. From those facts alone, the court determines that the petitioner is not diligently prosecuting his case, and under Civil Local Rule 41(c), the court may dismiss a case for failure to diligently prosecute it.

Even if the petitioner had provided the court with the necessary documentation, or had paid the filing fee, the court would have dismissed the case at screening under Rule 4 of the rules that govern *habeas* petitions as being procedurally improper. The federal criminal case which resulted in the petitioner's detention in the Milwaukee County Jail was USA v. Bean, 15-cr-146 (E.D. Wis.). The docket for that case shows that on January 7, 2019, the petitioner surrendered himself on an arrest warrant for alleged violations of supervised release; Judge Duffin ordered him detained on January 7, 2019. Dkt. No. 100. The petitioner filed this petition on May 16, 2019; in a letter dated May 22, 2019, he indicated that his state case had been dismissed, and the only reason he was still in the Milwaukee County Jail was because of the federal hold, dkt. no. 106. The appropriate vehicle for the petitioner to seek release at that time was to file a motion for bond review.

Judge Adelman conducted a revocation hearing on June 25, 2019 and sentenced the petitioner to serve nine months in prison. Dkt. No. 110. Once Judge Adelman sentenced the petitioner, the procedural vehicle for him to challenge his custody would have been 28 U.S.C. §2255, not §2241. See Hill v.

Werlinger, 695 F.3d 644, 647 (7th Cir. 2013) ("In general, §2255 is the exclusive means for a federal prisoner to attack his conviction or sentence."). The petitioner has not filed a §2255 motion.

That is probably because he no longer is in custody. The Bureau of Prisons inmate locator service shows that the petitioner was released from federal custody on September 24, 2019. https://www.bop.gov/inmateloc/. A petitioner must show some "concrete and continuing injury" or "collateral consequences" for the petition to present an ongoing case or controversy. Spencer v. Kemna, 523 U.S. 1, 7 (1998); see also Othman v. Gonzalez, No. 3:07-cv-13-DRH, 2010 WL 1132669, at *2 (S.D. Ill. Mar. 1, 2010) (dismissing petitioner's §2241 petition because it no longer presented a case or controversy).

Because the petitioner has neither paid the filing fee or filed the appropriate trust account statement, because he has not communicated with the court in almost seven months and because he is no longer in custody at the Milwaukee County Jail, the court will dismiss the petition.

The court **ORDERS** the petition for writ of *habeas corpus* under 28 U.S.C. §2241 is **DISMISSED WITHOUT PREJUDICE**. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within 30 days of the entry of judgment. See Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely

requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of December, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**